IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. **05-F- 38 (BNB)**

KELLY R. BAILEY,

       Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

       Defendant.

---

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW Plaintiff, Kelly R. Bailey, by his attorney, James L. Cox, Jr., of Rossi, Cox & Vucinovich, P.C., and by way of claim against the Defendant, alleges, avers and states:

### FIRST CLAIM FOR RELIEF
45 U.S.C. §§ 51 - 60
FEDERAL EMPLOYERS' LIABILITY ACT
CUMULATIVE TRAUMA TO SPINE

1.    At all times herein mentioned, Defendant Union Pacific Railroad Company, a corporation, was and is now a duly organized and existing corporation doing business in the State of Colorado and other states.

2.    Defendant was at all time herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Colorado and other states.

3.    At all times herein mentioned, part of the Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said

interstate commerce.

4.     The injuries sustained by the Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5.     The Plaintiff brings this action against the Defendant, under the provisions of 45 U.S.C., §§ 51 to 60, et. seq. (commonly referred to as "The Federal Employers' Liability Act"), regulations promulgated under the authority of those sections; and other federal safety laws.

6.     Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

7.     Plaintiff has been employed by the Defendant Union Pacific Railroad Company, a corporation, since February 1978 as a trainman (switchman, brakeman or conductor) working predominantly out of North Platte, Nebraska.

8.     During his employment with the Union Pacific Railroad, Plaintiff performed his duties as a trainman pursuant to the instructions of his supervisor and with the locomotives and cabooses that he was provided by Defendant, Union Pacific Railroad Company.

9.     The cabooses with which Plaintiff was provided failed to provide Plaintiff a reasonably safe place to work in, among other things:

        (a)     the seats were without adequate support for Plaintiff's spine;

        (b)     the cabooses were subjected to slack action; and

        (c)     the cabooses were subjected to lateral motion as a result of track conditions not in compliance with the Federal regulations and/or the Defendant, Union Pacific Railroad's, engineering standards.

10.     While Plaintiff was seated in the cabooses, and as a result of the conditions

2

enumerated in the preceding paragraph, Plaintiff's spine was subjected to whole body vibrations and flexion and extension and lateral movements that caused or contributed to the degenerative conditions in Plaintiff's spine enumerated hereinafter.

11.     The locomotives with which Plaintiff was provided failed to provide Plaintiff a reasonably safe place to work in, among other things:

        (a)     the seats were without adequate support for Plaintiff's spine;

        (b)     the locomotives were subjected to slack action; and

        (c)     the locomotives were subjected to lateral motion as a result of track conditions not in compliance with the Federal regulations and/or the Defendant, Union Pacific Railroad's, engineering standards.

12.     While Plaintiff was seated in the locomotives, and as a result of the conditions enumerated in the preceding paragraph, Plaintiff's spine was subjected to whole body vibrations and flexion and extension and lateral movements that caused or contributed to the degenerative conditions in Plaintiff's spine enumerated hereinafter.

13.     At all times relevant hereto, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work in, among other things:

        (a)     the duty to inspect, maintain and/or repair the locomotives and cabooses and the seats in the locomotives and cabooses on which Plaintiff was required to work;

        (b)     the duty to investigate the risks attendant to an employee working in a situation when his body is subjected to whole body vibration and the

3

flexion, extension and lateral movement experienced while riding in

cabooses and locomotives;

(c)     the duty to educate, train, and warn Plaintiff of the risks attendant to

working in a situation when his body is subjected to whole body vibration

and the flexion, extension and lateral movement experienced while riding

in cabooses and locomotives;

(d)     the duty to monitor Plaintiff's medical condition, and to assign him to

tasks for which he was medically suited;

(e)     the duty to comply with 49 U.S.C. § 20701;

(f)     the duty to comply with 49 C.F.R. Chapter II, FRA, DOT § 229.119;

(g)     the duty to investigate and implement an Ergonomics Program, Job Safety

Analysis, and Medical Monitoring Program, all to the end of identifying

ergonomic risk factors in the workplace, eliminate or reduce the

ergonomic risk factors, and train Plaintiff and the employees of the

Defendant to recognize ergonomic risk factors, guard against them, and

recognize symptoms of injury when they begin to appear; and

(h)     the duty to comply with Federal Regulations and Defendant, Union Pacific

Railroad Company's own Engineering Guidelines and Standards as they

relate to track conditions.

14.     Defendant, through its agents, servants and employees other than the Plaintiff,

negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to

suffer the injuries hereinafter enumerated.

4

15.     By reason of the facts hereinabove set forth and as a result thereof, Plaintiff's

spine developed work-related degenerative changes, including, but not limited to, cervical spinal

stenosis at C5-6 and C6-7 areas and associated foraminal stenosis at both levels, which,

following an injury on July 14, 2003, contributed to the need for a surgery on November 11,

2003 consisting of:

      (a)     anterior cervical microdiscectomy C5-6;

      (b)     anterior cervical microdiscectomy C6-7;

      (c)     anterior cervical vertebrectomy C6;

      (d)     application of Pyramesh cage C5-7 with analogous bone graph; and

      (e)     anterior cervical plating C5-7 with Atlantis titanium instrumentation,

           performed at Aurora Medical Center-South, Aurora, Colorado, by Jeffrey

           B. Kleiner, M.D.

16.     Plaintiff's injuries hereinabove enumerated have been painful, disabling and

incapacitating, and for an indefinite time in the future will be painful, disabling and

incapacitating, and have and will in the future cause Plaintiff mental and physical pain and

suffering.

17.     Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to

enjoy life, and will impair in the future Plaintiff's ability to enjoy life.

18.     By reason of the facts hereinabove stated and the injuries caused Plaintiff,

Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and

surgeons, and for medicines, x-rays, and hospitalization in a sum as yet unascertainable.  Plaintiff

is informed and believes and therefore alleges that he will require further medical attention as a

5

result of said injuries.

19.     By reason of the facts hereinabove stated and the injuries caused Plaintiff,

Plaintiff will incur a further indebtedness for medical attention.

20.     By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby,

Plaintiff has sustained loss of wages and loss of fringe benefits in the past,  and will in the future

sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his

damage in an amount as yet unascertainable.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

SECOND CLAIM FOR RELIEF
45 U.S.C. §§ 51 - 60
FEDERAL EMPLOYERS' LIABILITY ACT
INJURY OF JULY 14, 2003

21.     Plaintiff incorporates herein paragraphs 1 through 15 of his FIRST CLAIM FOR

RELIEF.

22.     At all times herein mentioned, Defendant, Union Pacific Railroad Company, a

corporation, was and is now a duly-organized and existing corporation doing business in the

State of Colorado and other states.

23.     Defendant was at all times herein mentioned and now is engaged in the business

of a common carrier by railroad in interstate commerce in Colorado and other states.

24.     At all times herein mentioned, part of Plaintiff's duties as an employee of

6

Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

25.    The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

26.    Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* (commonly referred to as "The Federal Employers' Liability Act"), regulations promulgated under the authority of those sections, and other federal safety laws.

27.    Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

28.    On July 14, 2003, Plaintiff was employed by Defendant, Union Pacific Railroad Company, a corporation, as a conductor on one of Defendant's trains from North Platte, Nebraska to Cheyenne, Wyoming.

29.    While en route from North Platte, Nebraska to Cheyenne, Wyoming at about 6:20 p.m., near Lodgepole, Nebraska, at about Mile Post 387.8, a Dragging Equipment Detector notified Plaintiff and his engineer that a car in the train had equipment that was dragging and had activated the dragging equipment detector.  Plaintiff and his engineer stopped the train, and Plaintiff walked back to conduct an inspection of the cars.  On inspection, Plaintiff located a piece of channel iron on Car OTTX90003 that had fallen through the wood plank deck of the car and was lodged between the axles of the car.  In the process of removing this channel iron, Plaintiff injured his neck and back.

30.    On July 14, 2003 and before, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe

7

place to work, in among other things:

(a)   the duty to inspect, maintain, and/or repair OTTX90003;

(b)   the duty to discover, warn of, and/or fix the defective piece of channel iron on the car, or remove the car from service;

(c)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.13(a);

(d)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.13(b);

(e)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.13(c);

(f)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.13(d);

(g)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.121(a);

(h)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215.11;

(i)   the duty to comply with 49 C.F.R. Chapter II (10102 Edition) FRA, DOT, part 215 Appendix D; and

(j)   the duty to train Plaintiff and implement a rule clarifying the responsibilities of the conductor if the conductor confronts a situation on his or her train that affects the ability of the train to continue safely.

31.   Defendant, Union Pacific Railroad Company, through its agents, servants and

8

employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

32.     By reason of the facts hereinabove set forth and as a result thereof, Plaintiff received the following injuries:

(1)     aggravation of pre-existing conditions in his cervical spine and large disc bulges at C5-6 and C6-7 that contributed to the need for the following operative procedures performed at Aurora Medical Center-South, Aurora, Colorado, on November 11, 2003:

(a)     anterior cervical microdiscectomy C5-6;

(b)     anterior cervical microdiscectomy C6-7;

(c)     anterior cervical vertebrectomy C6;

(d)     application of Pyramesh cage C5-7 with analogous bone graph;

(e)     anterior cervical plating C5-7 with Atlantis titanium instrumentation; and

(2)     disc bulging or herniation at L3-4 and L4-5.

33.     Plaintiff's injuries hereinabove enumerated have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will in the future cause Plaintiff mental and physical pain and suffering.

34.     Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life, and will impair in the future Plaintiff's ability to enjoy life.

35.     By reason of the facts hereinabove stated and the injuries caused Plaintiff,

9

Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization in a sum as yet unascertainable. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

36.    By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention, and expenses of vocational rehabilitation and reemployment.

37.    By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage in an amount as yet unascertainable.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

DATED this _____ day of January, 2005.

10

ROSSI, COX & VUCINOVICH, P.C.


By: _____
James L. Cox, Jr.
Attorney for Plaintiff
12203 E. Second Ave.
Aurora, Colorado  80011-8302
(303) 366-3501


Plaintiff's address:

607 S. Willow St.
North Platte, NE  69101-5257