# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KELLY R. BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 8:05CV159 |
| | ) | |
| **UNION PACIFIC RAILROAD COMPANY,** | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

    This matter is before the court on defendant's MOTION TO TRANSFER (#25), asking that this case be tried in North Platte, Nebraska. Plaintiff filed a response (#33) objecting to the proposed change of venue.

    This case was originally filed in the District of Colorado and was transferred to the District of Nebraska on the defendant's motion. At the time of the transfer, the defendant did not request trial in North Platte and the case was entered on the Omaha docket. As plaintiff correctly notes in his response, there has been no material change in circumstances bearing on the proper place of trial since the time defendant made its initial request for transfer to the District of Nebraska. Plaintiff has demonstrated that trial in Omaha rather than North Platte presents greater flexibility, convenience, and cost-effectiveness, due to the travel requirements of plaintiff's primary medical witnesses.

    In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997); *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). The movant must make a clear showing that the balance of interest weighs in favor of the movant. *See General Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm. of Adjustment*, 895 F. Supp. at 252; *see generally Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

    In this case, defendant has not shown that its inconvenience strongly outweighs the inconvenience that plaintiff would suffer if trial were held in North Platte.

For that reason,

**IT IS ORDERED** that defendant's Motion for Change of Venue (#25) is denied without prejudice to reassertion should defendant be able to demonstrate a material change in circumstances as required by NECivR 40.1(b)(3).

**DATED June 9, 2005.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**